JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REAL ESTATE DISPOSITION CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>NATIONAL HOME AUCTION CORPORATION, et al.,<br><br>  Defendants. | NO. CV 08-00435 SJO (Ex)<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR DISMISSAL**<br>[Docket No. 269] |

This matter is before the Court on the Unopposed Motion for Dismissal, filed by Real Estate Disposition Corporation ("REDC"), National Recreational Properties, Inc. ("NRP"), LandAuction.com ("LandAuction"), J.C.R. Enterprises ("JCR"), and David Riemann ("Riemann") on February 6, 2009. Defendant National Home Auction Corporation ("NHA") has not filed an Opposition. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for March 2, 2009. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Motion is GRANTED.

I.  BACKGROUND

On February 27, 2008, Plaintiff REDC filed suit against Defendants NHA, JCR, Riemann, Robert Campbell ("Campbell"), and James Watson ("Watson"), alleging causes of action for copyright infringement, unfair business competition, false or misleading advertising, breach of

confidence, misappropriation of trade secrets, fraud, breach of implied contract, and unjust enrichment, Case No. CV 08-1331 SJO (Ex) (the "'1331 action"). (*See generally* Compl., No. CV 08-01331 SJO (Ex).) Pursuant to a stipulation under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), filed July 11, 2008, Campbell and Watson were dismissed as defendants, leaving only NHA, JCR, and Riemann as defendants in this action. (*See* Stipulation Dismissal Defs. Robert Campbell & James Watson Only.)

On April 22, 2008, JCR, a defendant in the '1331 action, filed suit against the plaintiff in that action, REDC, as well as NRP and LandAuction.com, for copyright infringement, Case No. CV 08-00435 SJO (Ex) (the "'435 action"). (*See* Compl., No. CV 08-00435 SJO (Ex).) On July 14, 2008, the Court consolidated the two cases for all purposes. (*See* Scheduling Conference Minutes, July 14, 2008.)

REDC, plaintiff in the '1331 action and defendant in the '435 action, and JCR, plaintiff in the '435 action and defendant in the '1331 action, along with NRP and LandAuction, defendants in the '435 action, and Riemann, a defendant in the '1331 action, (collectively, the "Moving Parties") filed a Motion for Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). (*See* Unopposed Motion Dismissal ("Mot.") 1.) The Moving Parties, which include all parties to this action other than NHA, have reached a settlement agreement and, thus, seek dismissal of the action with prejudice against all defendants with the exception of NHA. (*See* Mot. 1.)

II.     DISCUSSION

Federal Rule of Civil Procedure 41(a)(2) provides that, unless all parties to the action have signed a stipulation of dismissal or the plaintiff dismissed before the opposing party served either an answer or a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41. "[T]he decision to grant a voluntary dismissal under [Federal Rule of Civil Procedure] 41(a)(2) is addressed to the sound discretion of the [d]istrict [c]ourt." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982); *see Westland Water Dist., et al. v. United States, et al.*, 100 F.3d 94, 96 (9th Cir. 1996) (internal citation omitted). The "broad grant of discretion" that

Federal Rule of Civil Procedure 41(a)(2) vests in the district court to dismiss "on terms that the court considers proper" "does not contain a preference for one kind of dismissal or another." *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002); *see* Fed. R. Civ. P. 41(a)(2). As such, the district court has discretion as to whether to grant a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) with or without prejudice. *See id.*

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (internal citations omitted); *Waller, et al. v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987) (internal citation omitted). "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, [or] some legal argument.'" *Smith*, 263 F.3d at 976 (quoting *Westland Water Dist., et al.*, 100 F.3d at 97). The late filing of a voluntary motion to dismiss, expenses incurred in defending the litigation, inconvenience to the defendant, and any tactical advantage to the plaintiff resulting from the voluntary dismissal do not establish legal prejudice. *See Smith*, 263 F.3d at 976 (internal citations omitted); *Westland Water Dist., et al.*, 100 F.3d at 97 (internal citation omitted); *Hamilton*, 679 F.2d at 145 (internal citations omitted); *Perfect 10, Inc. v. CWIE, LLC, et al.*, No. CV 02-7624 LGB (SHx), 2004 WL 5486517, at *2 (C.D. Cal. Nov. 9, 2004) (citing *Westland Water Dist., et al.*, 100 F.3d at 97). Moreover, although uncertainty resulting from the threat of future litigation is insufficient to establish plain legal prejudice, *id.* at 96–97 (internal citations omitted), where a dismissal is with prejudice, such that the claims cannot be reasserted, it is less likely that the dismissed defendants will suffer any legal prejudice, *see Smith*, 263 F.3d at 976 ("That the district court here dismissed, with prejudice, the federal claims so they cannot be reasserted in another federal suit only strengthens our conclusion that the dismissal caused no legal prejudice . . . ."). The Ninth Circuit, however, has found that legal prejudice to remaining defendants would result where "the dismissal of a [defendant] would have rendered the remaining [defendants] unable to conduct sufficient discovery to untangle complex . . . claims and adequately defend themselves . . . ." *Westland Water Dist., et al.*, 100

1  F.3d at 97 (citing *Hyde & Drath v. Baker, et al.*, 24 F.3d 1162, 1169 (9th Cir. 1994)); *see Hyde & Drath*, 24 F.3d at 1169.

Here, the Court exercises its discretion to grant the requested voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2), as the defendants in this action have not shown that they will suffer "some plain legal prejudice" as a result of the dismissal. *See Smith*, 263 F.3d at 975 (internal citations omitted); *Waller, et al.*, 828 F.2d at 583 (internal citation omitted). Neither the defendants to be dismissed nor NHA, the only defendant who is not involved in the settlement and concomitant dismissal, contend that they would suffer any "legal prejudice" from the dismissal. *See Yu-Santos v. Ford Motor Co.*, No. 1:06-CV-1773 AWI DLB, 2008 WL 1833986, at *2 (E.D. Cal. Apr. 22, 2008); *Reynolds v. San Francisco Unified Sch. Dist.*, No. CV-02-5312, 2004 WL 1811157, at *1 (N.D. Cal. Aug. 9, 2004); Mot. 2; Decl. Brian M. Daucher Supp. Unopposed Mot. Dismissal ("Daucher Decl.") ¶¶ 3–4, Exs. 1–2. Rather, the defendants to be dismissed have joined in the Motion to Dismiss. *See Sun Life Assurance Co. of Can., U.S. v. Chirolo*, No. C 08-03465 WHA, 2009 WL 113009, at *6 (N.D. Cal. Jan. 16, 2009); Mot. Because the requested dismissal is with prejudice, the claims cannot be reasserted against the defendants to be dismissed, suggesting that there is no risk of prejudice to these defendants. *See Smith*, 263 F.3d at 976. As such, the Court finds that the defendants to be dismissed will not suffer prejudice to any legal interest, legal claim, or legal argument. *See Smith*, 263 F.3d at 976 (quoting *Westland water Dist., et al.*, 100 F.3d at 97).

Additionally, because NHA, the only defendant who did not join in the Motion to Dismiss and who will remain as the sole defendant in this action if the Motion to Dismiss is granted, did not file an Opposition and indicated that it did not oppose the Motion, it also has not shown that it will suffer "some plain legal prejudice" as a result of dismissal of the other defendants. *See Smith*, 263 F.3d at 975 (internal citations omitted); *Waller, et al.*, 828 F.2d at 583 (internal citation omitted); *Yu-Santos*, 2008 WL 1833986, at *1–*2; Mot. 2; Daucher Decl. ¶¶ 3–4, Exs. 1–2. To the extent NHA was a joint tortfeasor with the other defendants such that joint and several liability is applicable, entitling NHA to an offset of any settlement amounts, NHA would not suffer any legal

4

prejudice by the dismissal of the other defendants, as NHA is free to conduct discovery on the issue of offset. *See Opthalmic Imaging Sys. v. Fukuhara*, No. CIVS04482 LKK DAD, 2005 WL 3454019, at *3 (E.D. Cal. Dec. 15, 2005). Moreover, this case does not present an especially complex web of facts where dismissal of the other defendants would leave NHA unable to conduct "sufficient discovery" in order to "adequately defend [it]sel[f]." *See Westland Water Dist., et al.*, 100 F.3d at 97 (citing *Hyde & Drath*, 24 F.3d at 1169); *Hyde & Drath*, 24 F.3d at 1169. Accordingly, based on the evidence before the Court, the Court finds that NHA will not suffer prejudice to any legal interest, legal claim, or legal argument. *See Smith*, 263 F.3d at 976 (quoting *Westland water Dist., et al.*, 100 F.3d at 97).

Having determined that dismissal is appropriate because none of the defendants will suffer legal prejudice, the Court, in its discretion, finds that dismissal with prejudice is appropriate. *See Hamilton*, 679 F.2d at 145; *Hargis*, 312 F.3d at 412. Given that the Moving Parties, which include the plaintiffs in both the '1331 action and the '435 action and all defendants to be dismissed, requested dismissal with prejudice, all parties involved in the dismissal agree that dismissal with prejudice is warranted. (*See* Mot. 2) Furthermore, the Moving Parties have reached a settlement agreement, the finality of which would be undermined if the Court granted dismissal without prejudice. *See Yu-Santos*, 2008 WL 1833986, at *1–*2 (finding dismissal with prejudice appropriate where the defendant to be dismissed had reached a settlement agreement with the plaintiff); Mot. 2.

5

III.   RULING

For the foregoing reasons, the Court GRANTS the Unopposed Motion for Dismissal.  Case No. CV 08-00435 SJO (Ex) is DISMISSED WITH PREJUDICE as to all defendants.  Case No. CV 08-1331 SJO (Ex) is DISMISSED WITH PREJUDICED as to defendants JCR and Riemann, leaving NHA as the sole remaining defendant.

IT IS SO ORDERED.

March 19, 2009

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE